825 F.2d 407
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rosetta KING, Widow of Howard E. King, deceased, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Allied Chemical Corp.,
Respondent.
 No. 86-3580
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1987.
Decided July 27, 1987.
 
 Rosetta King, appellant pro se.
 James Michael O'Neill and Brian Earl Peters, U. S. Department of Labor, for appellee Director, Office of Workers' Compensation Programs.
 William T. Brotherton, III, Spilman, Thomas, Battle & Klostermeyer, for appellee Allied Chemical Corp.
 Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rosetta King, the widow of Howard King, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ) denial of black lung survivor benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945.
 
 
 2
 A hearing was conducted before an ALJ at which time the employer conceded that the miner had pneumoconiosis and at least fifteen years of coal mine employment. The ALJ concluded that the miner had invoked the interim presumption that he was totally disabled, pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) and (b)(3). The Board affirmed the ALJ's decision, finding that substantial evidence supported the ALJ's conclusion that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2). The Board declined to review the ALJ's findings of rebuttal under 20 C.F.R. Sec. 727.203(b)(3).
 
 
 3
 We do not agree with ALJ's finding of rebuttal under Sec. 727.203(b)(2). Under (b)(2) the presumption of total disability due to pneumoconiosis is rebutted if the evidence establishes that the miner is able to do his usual coal mine work or comparable gainful work. Since here the miner was deceased at the time his claim for benefits was adjudicated it is clear that he was unable to do his usual, or comparable, work. Thus, we find Sec. 727.203(b)(2) inapplicable to this case.
 
 
 4
 Since the Board affirmed only the ALJ's finding of rebuttal under Sec. 727.203(b)(2), we express no opinion whether rebuttal under Sec. 727.203(b)(3) was proper. Instead, we reverse the denial of benefits and remand this case to the Board. On remand it should be determined if Sec. 727.203(b)(3) rebuttal is proper based on whether the employer has ruled out any causal connection between the miner's death and his coal mine employment.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 REVERSED AND REMANDED.